UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLBY ISTRE** | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | **JUDGE:** |
| **MONTCO OFFSHORE, INC. and MONTCO, INC.** | * | **MAGISTRATE JUDGE:** |

## SUIT UNDER JONES ACT AND GENERAL MARITIME LAW

**NOW INTO COURT**, through undersigned counsel, comes Claimant, **COLBY ISTRE**, an individual of the full age of majority and domiciled in the State of Louisiana, who respectfully represents:

1.

This matter is brought pursuant to 46 U.S.C. §30104, et seq., more commonly known as the Jones Act, and under the general maritime law for unseaworthiness and for maintenance and cure.

2.

Made defendants herein are:

A. **MONTCO OFFSHORE, INC.**, believed to be a domestic corporation with its principal business establishment located at 17751 Hwy. 3235, Galliano, LA, 70354, and which may be served by serving its' registered agent, Lee Orgeron, 17751 Hwy. 3235, Galliano, LA, 70354; and

B. **MONTCO, INC.**, believed to be a domestic corporation with its principal business establishment located at 17751 Hwy. 3235, Galliano, LA, 70354, and which may be served by serving its' registered agent, Lee Orgeron, 17751 Hwy. 3235, Galliano, LA, 70354.

3.

On or about October 3, 2010, **COLBY ISTRE** suffered severe and permanently disabling injuries while working in the course and scope of his duties for his employer / defendant,

**MONTCO OFFSHORE, INC.** and/or **MONTCO, INC.**, as a member of the crew of the M/V LB Paul, a vessel in navigation owned and being operated by **MONTCO OFFSHORE, INC.** and/or **MONTCO, INC.** and located in Louisiana territorial waters.

4.

Specifically, on the foregoing date **COLBY ISTRE** was in one of the M/V LB Paul's rescue boats participating in a man overboard drill. While the boat was being hoisted by the vessel's crane one or more of the crane's lifting lines snapped throwing **COLBY ISTRE** out of the boat and into the water with the rescue boat landing on top of **MR. ISTRE** striking him in the head, neck and back and rendering him unconscious.

5.

At all pertinent times including, but not limited to, at the time of the incident, **COLBY ISTRE** was a Jones Act seaman.

6.

**MONTCO OFFSHORE, INC.** and/or **MONTCO, INC.** was the Jones Act employer of **COLBY ISTRE** at the time of the incident in question.

7.

**MONTCO OFFSHORE, INC.** and/or **MONTCO, INC.** violated its non-delegable duty to provide **COLBY ISTRE** with a seaworthy vessel upon which to work and/or was negligent in allowing and/or causing the conditions that caused **COLBY ISTRE's** injuries set forth herein.

8.

The incident and resulting injuries sustained by **COLBY ISTRE** and the damages sued upon herein were the sole, direct and proximate result of the negligence and/or fault of **MONTCO OFFSHORE, INC.** and/or **MONTCO, INC.** and/or that of its principals, agents,

servants, employees and/or those for whom it was responsible at the time of the herein above described incident, and/or the unseaworthiness of its' vessel in the following non-exclusive particulars:

- A. Placing **COLBY ISTRE** in a situation that it knew or should have known to be unreasonably dangerous and/or present an unreasonable risk of harm;

- B. Failing to properly examine and/or inspect its' vessel to ensure that it did not contain any unseaworthy and/or unreasonably dangerous conditions;

- C. Failing to properly maintain its' vessel and/or ensure that its' vessel was seaworthy;

- D. Failing to provide **COLBY ISTRE** with a safe place to work;

- E. Violating any and all applicable rules, regulations, recommended practices, policies and/or standards which constitutes per se negligence;

- F. Failing to adequately instruct and/or train the crew aboard its' vessel;

- G. Failing to provide adequate supervision, and/or other acts of negligence and/or unseaworthiness to be proven at the trial of this matter;

- H. Claimant also invokes all legal presumptions and doctrines including, but not limited to, negligence per se for **MONTCO OFFSHORE, INC's.** and/or **MONTCO, INC's.** violation of one or more rules, regulations, and/or standards the violation of which caused and/or contributed to this incident and **COLBY ISTRE's** resultant injuries and disability.

9.

**COLBY ISTRE** bears no fault whatsoever in causing or contributing to this incident and his resultant injuries.

10.

As a result of this incident and his resultant injuries, **COLBY ISTRE** is totally and permanently disabled from returning to his previous employment.

11.

As a result of the injuries sustained by **COLBY ISTRE** in the foregoing incident, he is entitled to recover damages including, but not limited to:

A. Loss of wages and/or loss of earning capacity; past, present and future;

B. Physical pain and suffering; past, present and future;

C. Mental pain and suffering; past, present and future;

D. Disability, disfigurement and/or loss of enjoyment of life; past, present and future;

E. Cure and/or medical expenses; past, present and future;

F. Maintenance; past, present, and future;

G. Loss of found; past, present, and future; and

H. Any and all other general and/or special damages recoverable under the applicable law(s).

12.

As the employer of a seaman, **MONTCO OFFSHORE, INC.** and/or **MONTCO, INC.** is also obligated to pay and/or provide **COLBY ISTRE** with maintenance and cure benefits.

13.

**MONTCO OFFSHORE, INC.** and/or **MONTCO, INC.** breached its legal obligation to provide **COLBY ISTRE** with maintenance and cure benefits and instead arbitrarily and capriciously terminated **COLBY ISTRE's** maintenance and cure benefits despite the fact that **COLBY ISTRE** has not reached maximum medical improvement, is still under the care of one or more health care providers and in need of medical care that could further improve his condition, and remains totally disabled from working.

14.

In addition, during the limited time that **MONTCO OFFSHORE, INC.** and/or **MONTCO, INC.** did pay **COLBY ISTRE** maintenance benefits, the amount that it paid was unreasonably inadequate.

15.

In addition to being entitled to all of the damages set forth supra, **COLBY ISTRE** is also entitled to all of the following from **MONTCO OFFSHORE, INC.** and/or **MONTCO, INC.**: the immediate reinstatement of his maintenance and cure benefits at the proper rate; all unpaid past due maintenance and cure benefits at the proper rate; exemplary and/or punitive damages, attorneys fees and costs for any wrongful failure to timely and/or properly pay maintenance and/or cure benefits; and legal interest on said amounts.

**WHEREFORE**, claimant, **COLBY ISTRE**, prays for judgment in his favor, over and against **MONTCO OFFSHORE, INC.** and/or **MONTCO, INC.**, in the full and true sum in amounts reasonable in the premises to be proven at the trial of this matter, plus maintenance and cure, punitive and/or exemplary damages, attorneys fees, and interest for failure to timely provide maintenance and cure benefits, and costs of these proceedings and legal interest from the date of this incident and all other equitable and just relief.

RESPECTFULLY SUBMITTED BY:
**DOMENGEAUX WRIGHT ROY & EDWARDS**

*/s/*

**JAMES PARKERSON ROY (Bar No. 11511)**
**BRIAN C. COLOMB (Bar No. 25625)**
556 Jefferson Street, Suite 500
Post Office Box 3668
Lafayette, LA  70502-3668
Telephone: (337) 233-3033
Fax: (337) 232-8213
Brianc@wrightroy.com
**ATTORNEYS FOR COLBY ISTRE**

AND

**Jeffrey A. Breit** (LA Roll No. 03451)
BREIT DRESCHER IMPREVENTO & WALKER, P.C
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA  23451
Phone: (757) 622-3888
Fax: (757) 670-3939
**ATTORNEYS FOR COLBY ISTRE**

**WITHHOLD SERVICE**